Booth, Judge,
delivered the opinion of the court:
The original petition in this case was filed May 23, 1921. When the case came on for proof the parties entered into an express stipulation, in part as follows: “ Therefore, subject to the approval of the court, it is stipulated by and between counsel for the respective parties that the taking of testimony respecting the nature and amount of compensation to be paid by defendant will be postponed until the issues determining the liability of defendant to pay compensation have been decided by this court.”
The case is for an infringement of a patented cargo beam. The court has heretofore uniformly approved a course of proceeding in patent cases wherein the validity of the patent is challenged, in accordance with the stipulation set *399 out above. In this case we approved the stipulation and the parties proceeded accordingly. A record of considerable proportion presented to the court the vital issue of a patentable invention. The parties so treated it, and the case was argued upon that one point and no other. June 4, 1923, the court sustained the validity of the patent and remanded the case, in accord with the stipulation of the parties, to the general docket, with leave to either party to take testimony respecting damages recoverable. The case is before us now in virtue of the above order of remand, and the court is for the first time advised as to the nature, extent and character of plaintiff’s contention respecting the allowance of sums either as royalty, damages, or profits.
We have gone into the previous history of the litigation in order to demonstrate that the issue which we confidently believe determines the case was not raised upon the former argument and was not deducible from the record then presented. The court was not informed and had no means of knowing when the patented devices were used by the United States until the present record disclosed the fact. The per-tinency of what we have said appears from the subsequent discussion of the case, and clearly reflects the necessity for great caution in adopting a rule of procedure of such general application when a closer inspection and knowledge of the exact dates respecting user is obviously available to both parties.
Claim I of plaintiff’s patent reads as follows:
“A permanent rigid structure constructed with upright posts spaced a material distance apart, a cargo beam of greater depth than thickness provided with means near the lower edges of said beam for connecting a tackle block therewith, and pivotal supports at the ends of said beam at higher points than said connecting means, said supports being connected with said posts.”
Claim II repeats the combination of the beam with the rigid permanent structure described in Claim I, and details the essential elements of novelty which enter into the construction of the beam to cause it to function differently from all its predecessors. Claims III and IY detail its adaptability to a shed structure. Therefore, when the intended *400 design of the patentee is accomplished, when use of the patent device occurs, it must necessarily be when the beam is installed. The beam itself with all its novelty is incapable of any practicable use until it is affixed in a “ permanent rigid structure.” The predominating idea of the inventor was to supplant the old cargo beam affixed in a permanent structure with one of much less weight affixed to the structure or shed in much the same way, but adapted by reason of superior improvements to the carriage of great weights irrespective of the angle from which applied. This we held to be the extent of novelty in the patent involved, and while narrow in scope nevertheless entitled the plaintiff to recover, assuming of course the establishment of infringement by the defendant.
From what has been said it is manifest that the patent was of such a character that it was incapable of use until installed as above set forth, resulting under the record now before us in a judgment for the defendant. It is conceded by both parties to the record that 810 cargo beams of the type involved have been installed by the defendant as of January 1, 1919. The findings (58 C. Cls. 434, 435), disclose that on September 29, 1920, the original inventor, Lenke, assigned his letters patent to Thomas E. Chappell, and that Chappell in turn, on March 7, 1921, assigned them to the plaintiff, attempting by the last assignment to invest the plaintiff with the right to recover for all past infringements of the patented device. Under the decision of the Supreme Court in Brothers v. United States, 250 U. S. 88, “An unliquidated claim against the United States, under the Act of June 25, 1910, c. 423, 36 Stat. 851, for the alleged infringement of a patent is not assignable with the patent.” In deciding this particular point the Supreme Court, in the Brothers case, used this language:
“ From the findings it appears that claimant filed application for his patent July 18, 1895, and, upon such application, letters patent No. 551,614 were granted and issued, under date December 17, 1895, to his assignees, Sarah E. Brothers and Maria A. Brown, to whom he had made assignment pending the application. Subsequently the letters patent were assigned to claimant, under date October 2, 1912, two and one-half months prior to their expiration by *401 limitation on December 17, 1912. His claim to compensation is necessarily limited to this brief period, since there could be no assignment to him of any unliquidated claim against the Government arising prior to the time he became the owner of the patent. R. S. § 3477.”
The former judgment of the court as expressed in its conclusion of law will be set aside, and a new judgment this day entered dismissing the petition. It is so ordered.
GRAham, Judge; Hay, Judge; DowNey, Judge; and Campbell, Ohief Justice, concur.'